UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAMELA WANNAMAKER,

    Plaintiff,

v.                                                  Case No. 3:22cv10841-MCR-HTC

USAA BANKING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Pamela Wannamaker filed this civil action against Defendant USAA, alleging USAA failed to give her the $5,221.35 in her deceased husband's checking account. ECF Doc. 1. After reviewing the complaint, the undersigned concluded the Court does not have subject-matter jurisdiction over Plaintiff's claim. However, because Plaintiff is proceeding *pro se* and paid the filing fee, she was given until August 24, 2022, to show cause why this case should not be dismissed. That deadline has passed without a response from Plaintiff. Accordingly, for the reasons set forth below, this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*,

526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted).

Plaintiff submitted her complaint on the Northern District of Florida's standard civil complaint form. ECF Doc. 1. In the section titled "Basis for Jurisdiction," Plaintiff checked the box indicating her case involves a federal question. *Id.* at 3-4. However, when asked to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," she wrote only "claims of funds to a wife from a deceased husband." *Id.* at 4.

Plaintiff has not identified how Defendant USAA's retention of the funds in her deceased husband's checking account implicates a federal statute, a federal treaty, or the Constitution. Because Plaintiff has not established this case involves a question of federal law, the case should be dismissed without prejudice.[1] *See*

---

[1] Plaintiff does not assert she is invoking the Court's diversity jurisdiction. Even assuming she were, the complaint and attached exhibits indicate the amount in controversy is $5,221.35, far less than the $75,000 required for diversity jurisdiction. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d

Case No. 3:22cv10841-MCR-HTC

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

  Accordingly, it is RECOMMENDED:

  1. That this case be DISMISSED WITHOUT PREJUDICE because the Court does not have subject-matter jurisdiction over Plaintiff's claim.

  2. That the clerk close the file.

  At Pensacola, Florida, this 30th day of August 2022

        */s/ Hope Thai Cannon*
        **HOPE THAI CANNON**
        **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

---

1335, 1342 (11th Cir. 2018) ("To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.") (citing 28 U.S.C. § 1332(a)).

Case No. 3:22cv10841-MCR-HTC